IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **STEVEN CREAR, SR. and** | § | |
| **CHARLES HAINES,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. **3:16-CV-1570-L** |
| | § | |
| **US BANK NA; MORTGAGE** | § | |
| **ELECTRONIC REGISTRATION** | § | |
| **SYSTEMS, INC.; and** | § | |
| **STEPHEN WU,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are the Motions for Default Judgment (Docs. 5, 12), filed June 21, 2016;

Defendant Mortgage Electronic Registration Systems, Inc.'s ("MERS") Motion to Dismiss Pursuant

to Federal Rule of Civil Procedure 12(b)(5) (Doc. 7), filed June 22, 2016; and Defendant MERS's

Motion to Set Aside Default, which was filed July 12, 2016, Subject to and Without Waiving its

Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(5) (Doc. 14). After considering

the motions, briefs, evidence, record in this case, and applicable law, the court **grants** MERS's

Motion to Set Aside Default (Doc. 14) and **sets aside** the clerk's entry of default (Doc. 6); **denies**

**as moot** the Motions for Default Judgment (Docs. 5, 12); and **denies** MERS's Motion to Dismiss

Pursuant to Federal Rule of Civil Procedure 12(b)(5) (Doc. 7).

## I.     Factual and Procedural Background

On May 3, 2016, Plaintiff Steven Crear, Sr. ("Crear") originally brought this action in state

court against Defendants US Bank, NA ("US Bank"); MERS; and Stephen Wu ("Wu"), alleging

**Memorandum Opinion and Order – Page 1**

claims that relate to foreclosure, eviction, and bankruptcy proceedings of a loan secured by property located at 6703 Old Ox Drive, Dallas, Texas, 75241. The case was removed to federal court by Defendants US Bank and Wu on June 10, 2016.  Crear was proceeding pro se when he filed the action in state court and at the time of removal.  Although Charles Haines ("Haines") is a named Plaintiff, only Crear signed the Original Petition that was filed in state court.  As of July 22, 2016, Crear and Haines are represented by counsel in this action.

On June 22, 2016, before retaining counsel, Crear moved for default judgment against MERS on behalf of himself and Haines. The clerk of the court entered default against MERS on June 22, 2016.  Approximately nine hours later, MERS moved to dismiss the action for lack of jurisdiction based on improper service.  In its motion to dismiss, MERS contested the entry of default and indicated that it would file a formal response to Crear's motion for default judgment.

On July 5, 2016, Crear filed a pro se response to the motion to dismiss and filed a second motion for default judgment against MERS.  On July 12, 2016, MERS moved to set aside the entry of default based on ineffective service of process.  MERS asserts that its failure to act was not willful; that it has a meritorious defense; and that setting aside the entry of default will not prejudice Plaintiffs.  Crear and Haines's counsel filed a response in opposition to MERS's motion to set aside the clerk's entry of default, to which MERS replied.

## II.      Motion to Set Aside Entry of Default

A court may set aside an entry of a default for good cause shown. Fed. R. Civ. P. 55(c); *Lacy v. Sitel Corp.*, 227 F.3d 290, 291-92 (5th Cir. 2000) (citing Fed. R. Civ. P. 55(c)).  In determining whether good cause is present to set aside a default, a court considers "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense

**Memorandum Opinion and Order – Page 2**

is present." *Id.* at 292 (citation and quotation marks omitted).  A court also considers whether the defaulting party "acted expeditiously" to cure the default.  *Id.* (citation omitted).  If the court determines that a default is willful—that is, intentional failure to answer or otherwise respond—such "[w]illful failure alone may constitute sufficient cause for the court to deny [the] motion [to set aside default]."  *Matter of Dierschke*, 975 F.2d 181, 184-85 (5th Cir.1992).  Default judgments are "generally disfavored in the law" and "should not be granted on the claim, without more, that the defendant ha[s] failed to meet a procedural time requirement."  *Lacy*, 227 F.3d at 292 (quoting *Mason & Hanger–Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir.1984)).  The Fifth Circuit has adopted a policy in favor of resolving cases on the merits and against the use of default judgments.  *See Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999); *see also Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) ("Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by the courts in extreme situations [and] are available only when the adversary process has been halted because of an essentially unresponsive party.") (internal quotations and citations omitted).

Consideration of the foregoing legal standard weighs in favor of setting aside the entry of default against MERS.  Although the court determines for the reasons explained below that service of process was sufficient to put MERS on notice of this lawsuit, there is no indication that MERS's failure to act was willful or that Crear and Haines will be prejudiced if the entry of default is set aside. Moreover, while Crear and Haines contend that the substantive defense raised by MERS to their claims is not meritorious, resolution of this issue is better suited for a summary judgment motion or a motion to dismiss under Rule 12(b)(6).  Further, MERS acted expeditiously in contesting the entry of default against it and moving to set the entry of default aside.

**Memorandum Opinion and Order – Page 3**

In addition, as explained above and below, Crear did not actually request the clerk to enter default against MERS, and neither the Original Petition nor the motions for default judgment filed by him and served on MERS were signed by Haines.  Rather than striking these filings, the court, for the reasons herein discussed, will allow Plaintiffs to file an amended complaint and set aside the entry of default against MERS.  Accordingly, the court **grants** MERS's Motion to Set Aside Default (Doc. 14) and **sets aside** the clerk's entry of default (Doc. 6) against it.  The court also **denies as moot** the Motions for Default Judgment (Docs. 5, 12).

## III.    MERS's Motion to Dismiss Under Rule 12(b)(5)

Under Federal Rule of Civil Procedure 81(c)(2), the deadline for an answer is the longer of seven days after removal of a case to federal court or twenty one days after service.  The May 27, 2016 return of service as to MERS indicates that "Timothy Renner, [MERS's] Counsel" was served. Assuming service was effective, MERS's answer deadline was June 17, 2016, seven days after the case was removed to federal court.

Federal Rule of Civil Procedure 12(b)(5) authorizes the court to dismiss a case for "insufficient service of process."  District courts have broad discretion in determining whether to dismiss an action for ineffective service of process.  *See George v. United States Dep't of Labor*, *Occupational Safety & Health Admin.*, 788 F.2d 1115, 1116 (5th Cir. 1986).  "[O]nce the validity of service of process has been contested, the plaintiff bears the burden of establishing its validity." *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992).

MERS contends that Plaintiffs failed to strictly adhere to Texas's rule for service of a corporate agent because the citation and return of service do not affirmatively state that Timothy Renner ("Renner") is MERS's agent for service of process and instead merely states that he is

counsel for MERS.  In response, Crear produced evidence, which has not been refuted by MERS, that Renner has authority to accept service of process on behalf of MERS.  Thus, unlike the cases cited by MERS, the person named in the citation and return of service in this case was the person who was actually served and had authority to accept service of process for the entity served.  The court, therefore, concludes that service on MERS was sufficient to put it on actual notice of this lawsuit.

The purpose of service, whether under Texas or federal law, is to ensure that a party has notice of a lawsuit and to allow the party to respond as required by law. The court is convinced that this objective has been accomplished, and it will not exalt form over substance, which MERS attempts to do with its hypertechnical argument.  Accordingly, the court **denies** MERS's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(5) (Doc. 7).

## IV.   Failure to Personally Sign Pleadings

The Original Petition, both motions for default judgment, and the first response to the motion to dismiss, which were filed before Crear and Haines retained counsel, are only signed by Crear, not Haines, although Crear purports to seek relief on behalf of himself and Haines.  Parties appearing in a federal court may "plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654.  Section 1654 recognizes an individual's general right to proceed *pro se* with respect to his own claims or claims against him personally but does not authorize unlicensed lay persons to represent anyone other than themselves. *See id.; see also Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978) (concluding that executed powers of attorney did not authorize an unlicensed attorney to file pleadings or papers on behalf of another as a "next friend").  Moreover, Rule 11(a) of the Federal Rules of Civil Procedure requires every pleading, motion, and other paper to be signed by an attorney

of record or a party personally if the person is not represented.  Fed. R. Civ. P. 11(a).  Rule 11(a) requires the court to "strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention."  *Id.*

There is no indication that Crear is an attorney.  Even assuming that he is authorized to act on Haines's behalf in legal matters under a power of attorney or similar grant of authority, this does not overcome the prohibition against nonattorneys representing another individual in federal court.  Rather than striking the Original Petition and the other materials filed and signed only by Crear before retaining counsel, the court will allow Crear and Haines to file an amended complaint, which must be filed by **January 6, 2017**, and be personally signed by both of them if they intend to proceed pro se, or by a licensed attorney if they intend to continue to proceed with counsel in this case.  Any answer or responsive pleading by MERS, US Bank, or Wu to the  amended complaint shall be filed in accordance with the Federal Rules of Civil Procedure and the court's Local Civil Rules.

Moving forward, all pleadings, motions, and papers filed by Crear and Haines in this case **shall** be personally signed by both of them or a licensed attorney of record.  *Failure to comply with this order will result in Crear's and Haines's pleadings being stricken or dismissal without prejudice of this action pursuant to Federal Rule of Civil Procedure 41(b). Any other materials filed in this case in the future that do not comply with this order will be stricken without further notice.*

## V.      Conclusion

For the reasons stated, good cause exists to set aside the Clerk's Entry of Default entered against MERS, and service of process was sufficient to put MERS on notice of this lawsuit.  The court, therefore, **grants** MERS's Motion to Set Aside Default (Doc. 14) and **sets aside** the clerk's

entry of default (Doc. 6); **denies as moot** the Motions for  Default Judgment (Docs. 5, 12); and

**denies** MERS's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(5) (Doc. 7).

      **It is so ordered** this 16th day of December, 2016.


                                   Sam A. Lindsay
                                   United States District Judge