IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEVEN CREAR, SR. and CHARLES HAINES,<br>　　　　Plaintiffs,<br><br>v.<br><br>US BANK, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; EMC MORTGAGE CORPORATION a/k/a EMC Mortgage LLC; and JPMORGAN CHASE BANK, NATIONAL ASSOCIATION,<br>　　　　Defendants. | §§§§§§§§§§§§§§§<br><br>Civil Action No. 3:16-CV-1570-L |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the *Orders of Reference* signed January 24, 2017 and January 31, 2017 (docs. 28, 33), before the Court for recommendation are *U.S. Bank Trustee's and MERS's Motion to Dismiss and Brief in Support*, filed January 20, 2017 (doc. 26), and *Chase's and EMC's Motion to Dismiss and Brief in Support*, filed January 30, 2017 (doc. 31). Based upon the relevant filings and applicable law, both motions to dismiss should be **GRANTED**.

**I. BACKGROUND**

This case involves the foreclosure of property located at 6703 Old Ox Drive, Dallas, Texas 75241 (the Property). (doc. 21 at 3.)[1] On May 3, 2015, Steven Crear, Sr. (Crear) and Charles Haines (Haines) (collectively, Plaintiffs) filed this suit against U.S. Bank, NA (U.S. Bank) and Mortgage Electronic Registration Systems, Inc. (MERS), and subsequently added EMC Mortgage Corporation (EMC) and JPMorgan Chase Bank, National Association (Chase Bank) (collectively, Defendants) in their amended complaint. (*See* docs. 1-1 at 6, 21 at 1-2.)

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

On May 5, 2005, Crear executed a note (Note) and deed of trust (Deed of Trust) in favor of ResMAE Mortgage Corporation (ResMAE) encumbering the Property for the original principal amount of $114,400.00. (*See* doc. 32-4.) The Deed of Trust identifies MERS as the beneficiary for ResMAE and allows MERS to exercise all of the lender's rights, including the right to foreclose. (*See id.*) EMC and Chase Bank were the alleged servicers of the mortgage loan. (*See* doc. 21 at 1-2.) MERS subsequently executed a Substitute Trustee's Deed that conveyed the Property to U.S. Bank, and Crear refused to make payments to U.S. Bank as the new mortgagee. (*See id.*) U.S. Bank conducted a non-judicial foreclosure, but Plaintiffs refused to relinquish possession of the Property. (*Id.* at 1.) Haines is the current occupant of the Property pursuant to a lease with Crear. (*Id.*)

**A.      First Lawsuit**

On June 11, 2014, Crear filed a *pro se* petition in state court against U.S. Bank that was later removed to the United States District Court for the Northern District of Texas (First Lawsuit).[2] (*See* doc. 32-1). He asserted a claim for quiet title on the Property with allegations that U.S. Bank had no enforceable interest to foreclose because the Appointment of Substitute Trustee from MERS was executed by a person purportedly not authorized by MERS to execute such a conveyance. (*Id.* at 5-6.) Crear later filed an amended complaint to add MERS as a defendant and to add a claim under § 12.002 of the Texas Civil Practices & Remedies Code for the filing of a "fraudulent lien." (*See* First Lawsuit, doc. 6.) Crear was then granted leave to file a second amended complaint in which he added a new claim alleging that enforcement of the Deed of Trust was barred by the statute of limitations under § 16.035 of the Texas Civil Practices & Remedies Code because "more than four years [had] elapsed since the note secured by the deed of trust was accelerated." (*Id.*, doc. 16.)

---

[2] *Crear v. US Bank NA, et al.*, No. 3:14-CV-2418-D (N.D. Tex.).

On October 30, 2014, U.S. Bank and MERS filed a motion to dismiss all of Crear's claims in his second amended complaint. (*Id.*, doc. 19.) The district court granted the motion to dismiss and specifically dismissed with prejudice Crear's quiet title action, his fraudulent lien claim, and his statute of limitations claim for failing to state a claim upon which relief can be granted on December 3, 2014. (*Id.*, docs. 23, 24.) Crear appealed the district court's judgment, but the appeal was dismissed for want of prosecution. (*Id.*, docs. 28, 31.)

**B.     Second Lawsuit**

While the First Lawsuit was pending, Crear filed another *pro se* petition in state court against U.S. Bank and its foreclosure counsel, Mackie Wolf Zientz & Mann, P.C., on August 4, 2014. (doc. 32-2.) It was later removed to the United States District Court for the Northern District of Texas (Second Lawsuit).[3] He asserted claims for "abuse of process," tortious interference with a contract, and violations of the Fair Debt Collections Practices Act (FDCPA). (*See id.*) These claims arose out of his allegations that U.S. Bank had filed several unlawful forcible detainers against the Property, that it interfered with Crear's contract with the original lender, and that it misrepresented the character and legal status of the debt in violation of 15 U.S.C. § 1692(e)(2). (*Id.* at 6-9).

On September 9, 2014, U.S. Bank filed a motion to dismiss under Rule 12(b)(6) for failure to state a claim. (*Id.*, doc. 5.) The district court granted the motion to dismiss and dismissed the action with prejudice on May 26, 2015. (*Id.*, docs. 16-17.)

**C.     Current Lawsuit**

On May 3, 2016, Plaintiffs filed another *pro se* petition against U.S. Bank and MERS in state

---

[3] *Crear v. US Bank NA, et al.*, No. 3:14-CV-3136-P (N.D. Tex.).

court.[4] (doc. 1-1.) U.S. Bank and MERS again removed this suit to the United States District Court for the Northern District of Texas, asserting diversity jurisdiction under 28 U.S.C. § 1332. (*See* doc. 1.) As in the First and Second Lawsuits, all claims are based upon the transfer of the Deed of Trust to U.S. Bank and the foreclosure on the Property. (*See* doc. 1-1.)

On January 6, 2017, after retaining licensed counsel, Plaintiffs filed an Amended Complaint that clarified their specific claims and added Chase Bank and EMC, the "servicer[s] of the mortgage at issue in this lawsuit at the time Plaintiffs' claims accrued," as defendants. (doc. 21 at 1-2.) Plaintiffs seek declaratory relief and argue that U.S. Bank's non-judicial foreclosure sale is void because it occurred outside the four-year statute of limitations enumerated in § 16.035 of the Texas Civil Practice & Remedies Code. (*Id*. at 5-6.) They also bring a fraudulent lien claim under § 12.002(a) of the Texas Civil Practice & Remedies Code with allegations that Defendants "knowingly caused a robo-signer to sign and file a fake Appointment of Substitute Trustee." (*Id*. at 6-7.)

On January 20, 2017, U.S. Bank and MERS moved to dismiss for failure to state a claim. (doc. 26.) On January 30, 2017, EMC and Chase Bank also moved to dismiss for failure to state a claim. (doc. 31.) With timely-filed responses and replies, both motions are ripe for recommendation. (docs. 35, 38, 39, 41.)

## II. RULE 12(b)(6)

Defendants move to dismiss Plaintiffs' amended complaint under Rule 12(b)(6) on grounds of res judicata.[5] (*See* docs. 26 at 10-13, 31 at 10-14.)

---

[4] Plaintiffs originally named Stephen Wu, one of U.S. Bank's lawyers, as a defendant, but they voluntarily dismissed their claims against Mr. Wu in their amended complaint. (*See* doc. 21 at 2.)

[5] Defendants also move to dismiss Plaintiffs' claims on grounds that they fail as a matter of law for lack of any factual allegations supporting any cause of action. (*See* docs. 26 at 13-15, 31 at 14-15.) Because Plaintiffs' claims are otherwise subject to dismissal based on the doctrine of res judicata, it is unnecessary to reach these arguments.

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). Nonetheless, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

5

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

As noted, a court cannot look beyond the pleadings in deciding a 12(b)(6) motion. *Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196. When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss, a court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007). However, "[i]f . . . matters outside the pleading[s] are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Nevertheless, "pleadings" for purposes of a Rule 12(b)(6) motion include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Similarly, documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]." *Collins*, 224 F.3d at 499 (quotations omitted); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003). It is also "clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). Accordingly, documents falling in these three categories may be properly considered without converting the motion to dismiss into a motion for summary judgment.

Defendants attached to their motions copies of the pleadings from the First and Second Lawsuits and a copy of the Deed of Trust. (*See* docs. 27-1, 27-2, 27-3, 27-4, 32-1, 32-2, 32-3, 32-4.) These documents can be judicially noticed because they are matters of public record and their contents cannot reasonably be disputed, so it is unnecessary to convert Defendants' motions to dismiss into summary judgment motions. *See Norris*, 500 F.3d at 461 n.9; *Matter of Manges*, 29 F.3d 1034, 1042 (5th Cir. 1994) (taking judicial notice of "unimpeached certified copies of . . . deeds and assignments"); *see also* Fed. R. Evid. 201(b)(2) (a court may take judicial notice of a fact when it "can be accurately and readily determined from sources whose accuracy cannot reasonably be disputed").[6]

### III. RES JUDICATA

Defendants contend that all of Plaintiffs' claims are barred by res judicata because these same claims were dismissed with prejudice in the First Lawsuit and also invoke the same nucleus of operative facts from the Second Lawsuit. (docs. 26 at 10, 31 at 10.)

Res judicata is generally "an affirmative defense that should not be raised as part of a 12(b)(6) motion, but should instead be addressed at summary judgment or at trial." *American Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.*, 115 F. App'x 662, 664 n.1 (5th Cir. 2004) (citing *Moch v. East Baton Rouge Parish School Bd.*, 548 F.2d 594, 596 n.3 (5th Cir. 1977) ("Generally, a party cannot base a 12(b)(6) motion on res judicata."). Nevertheless, "[i]f, based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under Rule 12(b)(6) is proper." *Hall v. Hodgkins*, 305 F. App'x 224, 227–28 (5th Cir. 2008) (per curiam) (citing *Kansa Reinsurance Co.,*

---

[6] Plaintiffs argue that Defendants' motions to dismiss "rely on facts and evidence that were not a part of Plaintiffs' Amended Complaint and should therefore be disregarded." (doc. 38 at 2.) The documents referred to in Defendants' motions are public court filings that a court may permissibly consider when deciding a motion to dismiss under Rule 12(b)(6). *See Wang v. Prudential Ins. Co. of America.*, 439 F. App'x 359, 363 (5th Cir. 2011) (holding that the district court "did not impermissibly consider documents outside of the record in deciding the motion to dismiss, as the documents referred to were public court filings").

*Ltd. v. Cong. Mortgage Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994)).

The "rule of res judicata encompasses two separate but linked preclusive doctrines: (1) true res judicata or claim preclusion and (2) collateral estoppel or issue preclusion." *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 466 (5th Cir. 2013); *see also Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) ("The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'"). "True res judicata" or "claim preclusion . . . bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005) (citation omitted). This doctrine has four elements: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Comer*, 718 F.3d at 466-67. As with all affirmative defenses, the burden of proving claim preclusion "rests on the party claiming the benefit of the doctrine." *Patterson v. Dean Morris, L.L.P.*, No. 08-5014, 2011 WL 1791235, at *6 (E.D. La. May 6, 2011) (citation omitted); *accord Taylor*, 553 U.S. at 907.

### A. Identical Parties or Privity with Identical Parties

It is undisputed that Crear, U.S. Bank, and MERS were parties to the First Lawsuit, and that Crear and U.S. Bank were parties to the Second Lawsuit. Because Haines, Chase Bank, and EMC were not parties to the prior lawsuits, Defendants can claim preclusion as a defense only if they show that these parties were in privity with identical parties to the prior suits. *See Test Masters*, 428 F.3d at 571; *see also Russell v. SunAmerica Sec., Inc.*, 962 F.2d 1169, 1173 (5th Cir. 1992) ("A non-party defendant can assert res judicata so long as it is in 'privity' with the named defendant.").

Privity is in essence a "legal conclusion that the relationship between the one who is a party

on the record and the non-party is sufficiently close to afford application of the principle of preclusion." *Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1266–67 (5th Cir. 1990). The Fifth Circuit "has held that privity exists in just three, narrowly-defined circumstances: (1) where the non-party is the successor in interest to a party's interest in property; (2) where the non-party controlled the prior litigation; and (3) where the non-party's interests were adequately represented by a party to the original suit." *Id.*[7]

   1. *Haines*

To show entitlement to preclusion, Defendants must show that Haines stands in privity with Crear. The Amended Complaint explains that Haines "currently occupies the [Property] pursuant to a lease between [Haines] and [Crear]." (doc. 21 at 1.) No claim is brought solely by Haines, and his only injury is described as the potential "to be evicted from the [Property]." (*Id*. at 5-6.)

Here, Haines has no other apparent interest or claim in this case besides the arguments regarding the foreclosure on the Property and the loan documents covering the Property. He is also in a landlord-tenant relationship with Crear and therefore has a pre-existing substantive legal relationship sufficient to satisfy privity. *See In re Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 195 S.W.3d 807, 815 (Tex. App.–Dallas 2006, no pet.) (explaining that a tenant's interest in the property

---

[7] In *Taylor*, the Supreme Court "avoid[ed] using the term 'privity'" to "ward off confusion," but it identified six "exceptions" to "the rule against nonparty preclusion": (1) a person who agrees to be bound by the determination of issues in an action between others is bound in accordance with the terms of his agreement; (2) preclusion may be justified based on a variety of pre-existing "substantive legal relationships" between the person to be bound and a party to the judgment, such as "preceding and succeeding owners of property, bailee and bailor, and assignee and assignor"; (3) a nonparty may be bound by a judgment where she was "adequately represented" by a party to the suit having the same interests as the nonparty, such as in "properly conducted class actions ... and suits brought by trustees, guardians, and other fiduciaries"; (4) preclusion is appropriate if the nonparty "assumed control" over the litigation in which the judgment was rendered; (5) "a party bound by a judgment may not avoid its preclusive force by relitigating through a proxy"; and (6) a "special statutory scheme" may sometimes "expressly foreclose successive litigation by nonlitigants," such as statutes governing "bankruptcy and probate proceedings." *Taylor*, 553 U.S. at 893–96. Notably, the Court cautioned that this list was "meant only to provide a framework" for nonparty preclusion rather than "a definitive taxonomy." *Id.* at 893.

is "strictly derivative" of the "head-tenant," and their interests are "directly related, if not in fact congruent") (citation omitted). Haines's interests were adequately represented by Crear in the previous lawsuits.

### 2. *Chase Bank and EMC*

Chase Bank and EMC must similarly show that they stand in privity with U.S. Bank or MERS to show entitlement to preclusion. Here, Plaintiffs allege that both EMC and Chase Bank were "servicer[s] of the mortgage at issue in this lawsuit at the time Plaintiffs' claims accrued." (doc. 21 at 1-2.) The relationship between U.S. Bank, as the mortgagee, and EMC and Chase Bank, as the mortgage servicers, is sufficiently close to find privity and to afford application of the principle of preclusion. *See Bellot v. Wells Fargo Bank, N.A.*, No. H-13-2014, 2014 WL 2434170, at *2 (S.D. Tex. May 29, 2014) (explaining that "the relationship between a mortgage holder, a mortgage servicer, and a mortgage lender's nominee is generally sufficient to establish the privity needed for res judicata") (citing *Maxwell v. U.S. Bank, N.A.*, 544 F. App'x 470, 473 (5th Cir. 2013)). The interests of Chase Bank and EMC were adequately represented by U.S. Bank in the previous lawsuits.

### B.   Court with Competent Jurisdiction

With respect to the second element, both the First and Second Lawsuits were removed to and dismissed by the United States District Court for the Northern District of Texas. (*See* First Lawsuit, docs. 23-24, Second Lawsuit, docs. 16-17.) Neither side disputes that the district court was a court of competent jurisdiction to determine these actions. Because the district court had jurisdiction over the prior cases, this element is satisfied.

### C.   Prior Final Judgment

Both of the district courts in the First and Second Lawsuits granted the motions to dismiss

10

under Rule 12(b)(6) and dismissed all claims with prejudice. (*See id.*) A Rule 12(b)(6) dismissal with prejudice is a final judgment on the merits for res judicata purposes. *See Stevens v. Bank of America, N.A.*, 587 F. App'x 130, 133 (5th Cir. 2014) ("Generally a federal court's dismissal with prejudice is a final judgment on the merits for res judicata purposes . . . [i]t is well established that Rule 12(b)(6) dismissals are made on the merits."). The third element is also met here.

**D.     Same Claims**

Defendants contend that the two claims asserted in the current suit are identical and arise out of the same nucleus of operative facts as in the First and Second Lawsuits. (docs. 26 at 12-13, 31 at 13.) They argue that Plaintiffs are reasserting the same arguments that are based on the same Deed of Trust, Property, and foreclosure. (*See id.*)

"To determine whether two suits involve the same claim or cause of action, [the Fifth Circuit] has adopted the transactional test of the Restatement (Second) of Judgments, § 24." *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395–96 (5th Cir. 2004). Under this test, the "inquiry focuses on whether the two cases under consideration are based on 'the same nucleus of operative facts.'" *United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007) (citations omitted). "[I]t is the nucleus of operative facts, rather than the type of relief requested, substantive theories advanced, or types of rights asserted, that defines the claim." *Id.* Identifying the nucleus of operative facts involves a "pragmatic" approach, "giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations." *Test Masters*, 428 F.3d at 571 (citing Restatement (Second) of Judgments, § 24). Ultimately, the "preclusive effect of [the] prior judgment extends to all rights the original plaintiff had 'with respect to all or any part of the transaction, or series of connected

11

transactions, out of which the [original] action arose.'" *Petro-Hunt*, 365 F.3d at 395–96 (citation omitted).

### 1.     *Statute of Limitations*

Plaintiffs seek declaratory relief finding Defendants' interest in the Property void because they failed to conduct a foreclosure sale within the four-year statute of limitations pursuant to § 16.035 of the Texas Civil Practice & Remedies Code. (doc. 21 at 5-6.)

In the First Lawsuit, Crear sought declaratory relief and alleged:

> Upon information and belief, [Crear] would show the Court that: enforcement of the deed of trust is barred by the statute of limitations. [Crear] is informed and . . . alleges that more than four years [have] elapsed since the note secured by the deed of trust was accelerated. Therefore, under Texas Civil Practices and Remedies Code, § 16.035, [U.S. Bank and MERS are] barred from exercising the enforcement powers under the deed of trust.

(First Lawsuit, doc. 16 at 7.) The "deed of trust" referenced in the First Lawsuit is the same Deed of Trust on the same Property as identified in the current suit. (*See id*.) Plaintiffs' claim under the statute of limitations was explicitly considered by the district court in the First Lawsuit and dismissed with prejudice under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (*Id*., docs. 15, 23, 24.)

### 2.     *Fraudulent Lien*

Plaintiffs also allege that Defendants filed a "fraudulent lien" in violation of § 12.002 of the Texas Civil Practices & Remedies Code when they "knowingly caused a robo-signer to sign and file a fake Appointment of Substitute Trustees." (doc. 21 at 6-7.)

In the First Lawsuit, Crear alleged a violation of § 12.002 of the Texas Civil Practices & Remedies Code and argued that the "[A]ppointment of Substitute Trustee . . . was filed by MERS with knowledge that it is a fraudulent lien claim against real property, with the intent that it be considered

12

a valid lien." (First Lawsuit, doc. 16 at 6-7.) Both the claim in the First Lawsuit and the claim in the current suit identify the same documents as the basis of the "fraudulent lien." (*See id.*) The district court in the First Lawsuit dismissed this claim with prejudice under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (*Id.*, docs. 23, 24.)

Plaintiffs' claims in the First Lawsuit, Second Lawsuit, and current lawsuit all arise from the same or series of connected transactions, namely the transfer of the Deed of Trust to U.S. Bank and Defendants' attempts to pursue their rights under it. Plaintiffs' claims also revolve around their belief that Defendants have no right to possession or to seek foreclosure on the Property. Considered together, all of their claims are related in "motivation" and "origin" and form a "convenient trial unit," as Plaintiffs ultimately seek to retain possession and ownership of the Property due to the alleged "fraudulent" action of Defendants. *See Sidag Aktiengesellschaft v. Smoked Foods Prods. Co., Inc.*, 776 F.2d 1270, 1274 (5th Cir. 1985) ("[O]ne who has a choice of more than one remedy for a given wrong . . . may not assert them serially, in successive actions, but must advance all at once on pain of bar.") (internal quotations omitted).

Because the elements of res judicata appear on the face of Plaintiffs' complaint and in documents that are subject to judicial notice, Defendants' affirmative defense may be considered under Rule 12(b)(6). *See Hall*, 305 F. App'x at 227–28; *see also Saint Paul Commodities, LLC v. Crystal Creek Cattle Co.*, No. 3:11-CV-0037-G, 2012 WL 3135574, at *3 n.3 (N.D. Tex. Aug. 1, 2012) (considering the res judicata defense in a Rule 12(b)(6) context because "all [the] relevant facts [were] in the record and [were] uncontroverted"). Because all the elements of claim preclusion are satisfied, Plaintiffs' claims against Defendants are barred and should be dismissed with prejudice. *See Butts*, 2011 WL 7109344, at *2 (dismissing the plaintiff's claims as "barred by res judicata" because "both

13

the instant action and the prior litigation [arose] out of the 'same nucleus of operative facts'—the mortgage loan obtained by [the] plaintiff on the subject property").

## IV. RECOMMENDATION

Both of Defendants' motions to dismiss (docs. 26, 31) should be **GRANTED**, and all of Plaintiffs' claims against Defendants should be dismissed with prejudice.[8]

**SO RECOMMENDED** on this 13th day of June, 2017.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

 A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[8] Plaintiffs also seek attorney's fees for their two claims. (*See* doc. 21 at 6-7.) Because their substantive claims are barred by res judicata, this request should similarly be dismissed. *See Franklin v. BAC Home Loans Servicing, LP*, No. 3:10-CV-1174-M, 2012 WL 2679496, at *12 (N.D. Tex. June 6, 2012), *adopted*, 2012 WL 2688809 (N.D. Tex. July 5, 2012) (dismissing the plaintiff's request for attorney's fees because his substantive claims were dismissed).