IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEVEN CREAR, SR. and CHARLES HAINES, § § § | |
| Plaintiffs, § § | |
| v. § | Civil Action No. **3:16-CV-1570-L** |
| § | |
| US BANK, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; EMC MORTGAGE CORPORATION a/k/a EMC Mortgage LLC; and JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, § § § § § § § § | |
| Defendants. § | |

## **ORDER**

Before the court are U.S. Bank Trustee's and MERS's Motion to Dismiss, filed January 20, 2017 (Doc. 26); Chase[] and EMC's Motion to Dismiss, filed January 30, 2017 (Doc. 31); Plaintiff[] Steven Crear, Sr.'s Motion for Leave to File Plaintiffs' Second Amended Complaint, filed July 18, 2017 (Doc. 49). On June 13, 2017, Magistrate Judge Irma Carrillo Ramirez entered the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report"), recommending that the court grant the motions to dismiss (Docs. 26, 31) and dismiss with prejudice this action as barred by *res judicata*. No objections were filed to the report.

On July 18, 2017, Plaintiff Steven Crear, Sr. ("Plaintiff Crear") filed a motion for leave to file a second amended complaint.* Plaintiff Crear requests that the court allow him an opportunity to amend his pleadings to present claims that are not barred by *res judicata*. The court has

---

* In Plaintiff[] Steven Crear, Sr.'s Motion for Leave to File Plaintiffs' Second Amended Complaint, Plaintiff Crear informs the court that Plaintiff Charles Haines does not wish to pursue this matter further. To the extent that this expressed contention can be considered a motion to withdraw, it is denied as **moot**, because the court will dismiss this action with prejudice as barred by *res judicata*.

**Order – Page 1**

carefully reviewed his request and closely examined Plaintiffs' proposed Second Amended Complaint ("Second Amended Complaint") (Doc. 49-1), which is attached to Plaintiff[] Steven Crear, Sr.'s Motion for Leave to File Plaintiffs' Second Amended Complaint.

The proposed Second Amended Complaint fails to plead sufficient facts to establish subject matter jurisdiction. A federal court has subject matter jurisdiction over cases arising under the Constitution, laws, or treaties of the United States, which is commonly referred to as federal question jurisdiction. 28 U.S.C. § 1331. This provision for federal question jurisdiction is generally invoked by a plaintiff pleading a cause of action created by federal law. With respect to the proposed Second Amended Complaint, it states incorrectly states that 28 U.S.C. § 1331 allows this court to exercise federal question jurisdiction over this case, as the proposed Second Amended Complaint only asserts claims for violations of the Texas Debt Collection Act and Texas Deceptive Trade Practices Act. The court determines that Plaintiff Crear's proposed Second Amended Complaint fails to properly plead subject matter jurisdiction. The court, therefore, will deny Plaintiff[] Steven Crear, Sr.'s Motion for Leave to File Plaintiffs' Second Amended Complaint, and for the reasons stated in the Report, determines that the case is barred by *res judicata*.

Having reviewed the record in this case, Report, and applicable law, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **grants** U.S. Bank Trustee's and MERS's Motion to Dismiss, (Doc. 26); **grants** Chase's and EMC's Motion to Dismiss; **denies** Plaintiff[] Steven Crear, Sr.'s Motion for Leave to File Plaintiffs' Second Amended Complaint (Doc. 49); and **dismisses with prejudice** this action. The court will issue a judgment by a separate document in accordance with Federal Rule of Civil Procedure 58.

**It is so ordered** this 31st day of July, 2017.

Sam A. Lindsay
United States District Judge